**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **CRYSTAL STOKES, ET AL** | **CIVIL ACTION** |
| **VERSUS** | **NO.  19-1642** |
| **GUY FABER, ET AL** | **SECTION "A" (3)** |

## ANSWER, AFFIRMATIVE DEFENSES AND JURY DEMAND

**NOW INTO COURT**, through undersigned counsel, come defendants, Sheriff Joseph P. Lopinto, III, Deputy Billy Matranga and Deputy David Malveaux, who, in response to the Complaint filed herein by the plaintiff, respectfully submit the following:

### FIRST DEFENSE

The Complaint fails to state a claim against the defendants upon which relief can be granted.

### SECOND DEFENSE

All of the acts and actions taken by the defendants herein were reasonable under the circumstances and do not support a claim under a theory of vicarious liability or *respondeat superior*.

**THIRD DEFENSE**

That the plaintiff's minor son, LB, by virtue of his own actions and conduct, was guilty of negligence and/or contributory negligence and/or assumption of the risk, all of which will be more fully shown at the trial of this matter.

**FOURTH DEFENSE**

The Court is without jurisdiction in this matter inasmuch as the amount in controversy, exclusive of interest and costs, does not exceed the sum and value of $75,000.00.

**FIFTH DEFENSE**

The Court is without jurisdiction as to all claims asserted by the plaintiff in this matter inasmuch as the Complaint fails to state a proper claim for relief under the Constitution of the United States or any United States statute.

**SIXTH DEFENSE**

All of the acts and actions taken by the defendants herein were reasonable under the circumstances and were taken pursuant to valid and constitutional policies and in no way provide any basis for any claim under *Monell*.

**SEVENTH DEFENSE**

Defendants further submit that the claims of the plaintiff are frivolous, groundless and unreasonable and, as such, the defendants are entitled to an award against the plaintiff for all attorney's fees and costs expended in this matter pursuant to 42 USC 1983.

**EIGHTH DEFENSE**

Defendants affirmatively plead qualified immunity and any other applicable immunities and/or limitations of liability as provided for in the Constitution and laws of the United States

and the Constitution and laws of the State of Louisiana, including but not limited to the discretionary immunity provided in La. R.S. 9:2798.1.

## NINTH DEFENSE

Any and all damages and/or injuries sustained or incurred by the plaintiff were the fault of individuals and/or entities over whom the defendants have no control.

## TENTH DEFENSE

And now, defendants respond to the allegations of the plaintiff's Complaint, paragraph by paragraph, as follows:

### I.

The allegations contained in paragraph 1 require no answer; however, in an abundance of caution, those allegations are denied.

### II.

The allegations contained in paragraph 2 are denied for lack of sufficient information upon which to justify a belief therein.

### III.

The allegations contained in paragraph 3 are denied for lack of sufficient information upon which to justify a belief therein.

### IV.

The allegations contained in paragraph 4 are denied for lack of sufficient information upon which to justify a belief therein.

### V.

The allegations contained in paragraph 5 are denied for lack of sufficient information upon which to justify a belief therein.

## VI.

The allegations contained in paragraph 6 are denied for lack of sufficient information upon which to justify a belief therein.

## VII.

The allegations contained in paragraph 7 are denied for lack of sufficient information upon which to justify a belief therein.

## VIII.

The allegations contained in paragraph 8, as they pertain to the status of Billy Matranga, are admitted; all other allegations are denied for lack of sufficient information upon which to justify a belief therein.

## IX.

The allegations contained in paragraph 9, as they pertain to the status of David Malveaux, are admitted; all other allegations are denied for lack of sufficient information upon which to justify a belief therein.

## X.

The allegations contained in paragraph 10, as they pertain to the status of Joseph P. Lopinto, are admitted; all other allegations are denied for lack of sufficient information upon which to justify a belief therein.

## XI.

The allegations contained in paragraph 11 require no answer; however, in an abundance of caution, those allegations are denied.

XII.

The allegations contained in paragraph 12 require no answer; however, in an abundance of caution, those allegations are denied.

XIII.

The allegations contained in paragraph 13 are admitted.

XIV.

The allegations contained in paragraph 14 are denied for lack of sufficient information upon which to justify a belief therein.

XV.

The allegations contained in paragraph 15 are denied for lack of sufficient information upon which to justify a belief therein.

XVI.

The allegations contained in paragraph 16 are denied for lack of sufficient information upon which to justify a belief therein.

XVII.

The allegations contained in paragraph 17 are denied for lack of sufficient information upon which to justify a belief therein.

XVIII.

The allegations contained in paragraph 18 are denied for lack of sufficient information upon which to justify a belief therein.

XIX.

The allegations contained in paragraph 19 are denied for lack of sufficient information upon which to justify a belief therein.

XX.

The allegations contained in paragraph 20 are denied for lack of sufficient information upon which to justify a belief therein.

XXI.

The allegations contained in paragraph 21 are denied for lack of sufficient information upon which to justify a belief therein.

XXII.

The allegations contained in paragraph 22 are denied.

XXIII.

The allegations contained in paragraph 23 are denied.

XXIV.

The allegations contained in paragraph 24 are denied.

XXV.

The allegations contained in paragraph 25 are denied for lack of sufficient information upon which to justify a belief therein.

XXVI.

The allegations contained in paragraph 26 are denied.

XXVII.

The allegations contained in paragraph 27 are denied.

XXVIII.

The allegations contained in paragraph 28 are denied.

XXIX.

The allegations contained in paragraph 29 are admitted.

6

XXX.

The allegations contained in paragraph 30 are denied.

XXXI.

The allegations contained in paragraph 31 are denied.

XXXII.

The allegations contained in paragraph 32 are denied for lack of sufficient information upon which to justify a belief therein.

XXXIII.

The allegations contained in paragraph 33 are denied.

XXXIV.

The allegations contained in paragraph 34 are denied for lack of sufficient information upon which to justify a belief therein.

XXXV.

The allegations contained in paragraph 35 are denied for lack of sufficient information upon which to justify a belief therein.

XXXVI.

The allegations contained in paragraph 36 are denied for lack of sufficient information upon which to justify a belief therein.

XXXVII.

The allegations contained in paragraph 37 are denied for lack of sufficient information upon which to justify a belief therein.

XXXVIII.

The allegations contained in paragraph 38 are denied for lack of sufficient information upon which to justify a belief therein.

XXXIX.

The allegations contained in paragraph 39 are denied for lack of sufficient information upon which to justify a belief therein.

XL.

The allegations contained in paragraph 40 are denied for lack of sufficient information upon which to justify a belief therein.

XLI.

The allegations contained in paragraph 41 are denied for lack of sufficient information upon which to justify a belief therein.

XLII.

The allegations contained in paragraph 42 are denied.

XLIII.

The allegations contained in paragraph 43 require no answer; however, in an abundance of caution, those allegations are denied.

XLIV.

The allegations contained in paragraph 44 are denied.

XLV.

The allegations contained in paragraph 45 are denied.

XLVI.

The allegations contained in paragraph 46 are denied.

XLVII.

The allegations contained in paragraph 47 are denied.

XLVIII.

The allegations contained in paragraph 48 are denied.

XLIX.

The allegations contained in paragraph 49 are denied.

L.

The allegations contained in paragraph 50 are denied.

LI.

The allegations contained in paragraph 51 require no answer; however, in an abundance of caution, those allegations are denied.

LII.

The allegations contained in paragraph 52 are denied.

LIII.

The allegations contained in paragraph 53 are denied for lack of sufficient information upon which to justify a belief therein.

LIV.

The allegations contained in paragraph 54 require no answer; however, in an abundance of caution, those allegations are denied.

LV.

The allegations contained in paragraph 55 are denied.

LVI.

The allegations contained in paragraph 56 require no answer; however, in an abundance of caution, those allegations are denied.

LVII.

The allegations contained in paragraph 57 are denied.

LVIII.

The allegations contained in paragraph 58 are denied.

LIX.

The allegations contained in paragraph 59 require no answer; however, in an abundance of caution, those allegations are denied.

LX.

The allegations contained in paragraph 60 require no answer; however, in an abundance of caution, those allegations are denied.

LXI.

The allegations contained in paragraph 61 are denied.

LXII.

The allegations contained in paragraph 62 are denied.

LXIII.

The allegations contained in paragraph 63 are denied.

LXIV.

The allegations contained in paragraph 64 are denied for lack of sufficient information upon which to justify a belief therein.

LXV.

The allegations contained in paragraph 65 are denied.

LXVI.

The allegations contained in paragraph 66 are denied for lack of sufficient information upon which to justify a belief therein.

LXVII.

The allegations contained in paragraph 67 require no answer; however, in an abundance of caution, those allegations are denied.

LXVIII.

The allegations contained in paragraph 68 require no answer; however, in an abundance of caution, those allegations are denied.

LXIX.

The allegations contained in paragraph 69 are denied.

LXX.

The allegations contained in paragraph 70 are denied for lack of sufficient information upon which to justify a belief therein.

LXXI.

The allegations contained in paragraph 71 are denied.

LXXII.

The allegations contained in paragraph 72 are denied for lack of sufficient information upon which to justify a belief therein.

LXXIII.

The allegations contained in paragraph 73 are denied.

LXXIV.

The allegations contained in paragraph 74 are denied for lack of sufficient information upon which to justify a belief therein.

LXXV.

The allegations contained in paragraph 75 are denied.

LXXVI.

The allegations contained in paragraph 76 require no answer; however, in an abundance of caution, those allegations are denied.

LXXVII.

The allegations contained in paragraph 77 are denied.

LXXVIII.

The allegations contained in paragraph 78 are denied.

LXXIX.

The allegations contained in paragraph 79 are denied for lack of sufficient information upon which to justify a belief therein.

LXXX.

The allegations contained in paragraph 80 are denied for lack of sufficient information upon which to justify a belief therein.

LXXXI.

The allegations contained in paragraph 81 require no answer; however, in an abundance of caution, those allegations are denied.

LXXXII.

The allegations contained in paragraph 82 require no answer.

LXXXIII.

The allegations contained in paragraph 83 require no answer.

LXXXIV.

The allegations contained in paragraph 84 require no answer; however, in an abundance of caution, those allegations are denied.

LXXXV.

The allegations contained in paragraph 85 are admitted in that defendants likewise request trial by jury on all issues herein.

LXXXVI.

Further answering, defendants aver that any and all actions taken by Deputy Billy Matranga and/or Deputy David Malveaux during the incidents complained of were taken in good faith, with probable cause, and without malice, entitling them to qualified immunity.

LXXXVII.

Further answering, defendants aver that the sole and proximate cause of any injuries and/or damages allegedly sustained by the plaintiff herein were the actions and/or inactions of the plaintiff's son, referred to in these proceedings as LB, which actions and/or inactions are affirmatively pled in bar of/reduction of any recovery by plaintiff herein.

**WHEREFORE,** defendants, Sheriff Joseph P. Lopinto, III and Deputy Wayne Augillard, pray that this Answer be deemed good and sufficient and that, after due proceedings are had, there be judgment herein in favor of defendants, Sheriff Joseph P. Lopinto, III, Deputy Billy Matranga and Deputy David Malveaux, and against the plaintiff, Crystal Stokes, individually, and on behalf of her minor son, LB, dismissing the plaintiff's Complaint, with prejudice, and at plaintiff's costs.

Respectfully submitted,

**MARTINY & ASSOCIATES, LLC**
131 Airline Highway - Suite 201
Metairie, Louisiana 70001
Telephone:  (504) 834-7676
Facsimile:  (504) 834-5409

*/s/ Daniel R. Martiny*
**DANIEL R. MARTINY (9012)**
**JEFFREY D. MARTINY (35012)**
Attorneys for Defendants, Sheriff Joseph P.
Lopinto, III, Deputy Billy Matranga and
Deputy David Malveaux

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on the 25th day of April, 2019, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send a notice of electronic filing to all participating counsel of record herein.

*/s/ Daniel R. Martiny*
DANIEL R. MARTINY (9012)