UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| CRYSTAL STOKES, INDIVIDUALLY | * | CIVIL ACTION |
| AND ON BEHALF OF HER MINOR | * | |
| SON, LB, Plaintiff | * | NO.  19-01642 |
| | * | |
| VERSUS | * | JUDGE, SECTION A |
| | * | JAY C. ZAINEY |
| GUY FABER, SHARON MEGGS- | * | |
| HAMILTON, VALERIE JOHNSON, | * | MAGISTRATE 3 |
| BRANDON WILLIAMS, THE | * | DANA M. DOUGLAS |
| JEFFERSON PARISH SCHOOL | * | |
| BOARD, BILLY MATRANGA, DAVID | * | |
| MALVEAUX, AND JOSEPH P. | * | |
| LOPINTO, IN HIS OFFICIAL | * | |
| CAPACITY AS JEFFERSON PARISH | * | |
| SHERIFF, | * | |
| Defendants | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## <u>ANSWER, AFFIRMATIVE DEFENSES AND JURY DEMAND</u>

**NOW INTO COURT,** through undersigned counsel, come defendants, Jefferson Parish School Board, a/k/a the Jefferson Parish Public School System, Guy Farber (erroneously referred to herein as Guy "Faber"), Sharon Meggs-Hamilton, Valerie Johnson and Brandon Williams, who in response to the Complaint filed herein by the plaintiff individually and on behalf of her minor son LB, respectfully submit the following:

1

## FIRST DEFENSE

The Original Complaint, and/or portions thereof, fails to state a claim against the defendants upon which relief can be granted.

## SECOND DEFENSE

The Court lacks subject matter jurisdiction over plaintiff's claims.

## THIRD DEFENSE

The Court further is without jurisdiction in this matter as to all claims asserted by the plaintiff as the Complaint fails to state a valid claim for relief under the Constitution of the United States, thereby also resulting in failure to state a claim under the Louisiana Constitution or laws of the State of Louisiana.

## FOURTH DEFENSE

Plaintiff is barred by the doctrine of estoppel and may be barred by after acquired evidence.

## FIFTH DEFENSE

Plaintiff did not reasonably attempt to mitigate her alleged damages.

## SIXTH DEFENSE

Plaintiff is not entitled to the requested relief, nor parts thereof, and is not entitled to damages, if same are to be inferred from these pleadings, under any circumstances.

## SEVENTH DEFENSE

Defendants affirmatively plead that the alleged incident and alleged damages herein

resulted solely from the complicity of and intentional acts of plaintiff's minor son LB which completely bars or reduces any recovery by plaintiff herein.

## EIGHTH DEFENSE

Defendants alternatively plead that the alleged incident and alleged damages herein resulted solely from the negligence and/or comparative fault of plaintiff's minor son LB which completely bars or reduces any recovery by plaintiff herein.

## NINTH DEFENSE

Defendants affirmatively plead that the alleged incident and alleged damages herein resulted solely from the complicity of and intentional acts of a third person or persons for whom the defendants are not responsible such that said third party's actions cannot be imputed to the defendants.

## TENTH DEFENSE

Defendants alternatively plead that the alleged incident and alleged damages herein resulted solely from the negligence and/or comparative fault of a third person or persons for whom the defendants are not responsible such that said third party's actions cannot be imputed to the defendants.

## ELEVENTH DEFENSE

Defendants affirmatively plead that the Complaint is untimely and subject to applicable statutes of limitation, prescription, peremption, latches and repose.

### TWELFTH DEFENSE

Defendants affirmatively plead that all Constitutional provisions, statutes, regulations, codes, and laws either referenced directly or by implication in the Complaint constitute the best evidence of their own terms and conditions.

### THIRTEENTH DEFENSE

Defendants affirmatively plead the provisions of, and all defenses, privileges, and immunities available to them, individually or collectively, under La. R.S. 9:2800, La. R.S. 9:2798.1, La. R.S. 9:2792.4, La. R.S. 17:416.4, La. R.S. 17:416.11, and La. R.S. 17:439, and assert any other absolute or qualified immunities the Board, or its employees are entitled to in accordance with both State and Federal law.

### FOURTEENTH DEFENSE

Defendants affirmatively plead the provisions of  La. R.S. 13:5101 through 5112, also known as the Louisiana Governmental Claims Act, which act provides for a statutory cap on damages in suits against political subdivisions, their employees and their insurers.

### FIFTEENTH DEFENSE

Defendants affirmatively plead all defenses, privileges and immunities set forth in Rule 8(c) of the Federal Rules of Civil Procedure which are and are potentially applicable under the facts as alleged in the Complaint, and all Affirmative Defenses set forth in La. C.C.P. Art. 1005, likewise applicable or potentially applicable, including without limitation, estoppel and waiver, in this case.

## SIXTEENTH DEFENSE

Defendants affirmatively plead all defenses and objections set forth in Rule 12 of the Federal Rules of Civil Procedure which are and are potentially applicable under the facts as alleged in the Complaint.

## SEVENTEENTH DEFENSE

Defendants affirmatively plead all defenses, privileges and immunities available under the Constitution and laws of the United States and the Constitution and laws of the State of Louisiana.

## EIGHTEENTH DEFENSE

Defendants affirmatively plead any and all qualified immunity and other applicable immunities and/or limitations of liability not expressly stated herein, which are nevertheless provided for under the United States Constitution and laws of the United States and the Constitution and laws of the State of Louisiana.

## NINETEENTH DEFENSE

Defendants specifically plead all of the applicable provisions of the Constitution and laws of the United States, 42 USC §1983, 42 USC §1985, and the Constitution and laws of the State of Louisiana in defense of this matter.

## TWENTIETH DEFENSE

Defendants further assert and affirmatively plead that the plaintiff has failed to exhaust remedies available to her under both the Louisiana Revised Statutes, including but not limited to

La. R.S. 17:416 et seq., the Rules and Regulations of the Louisiana State Department of Education and the Procedures and Policies for Parents and Students of the Jefferson Parish Public School System, a/k/a the Jefferson Parish School Board.

## TWENTY-FIRST DEFENSE

Defendants have complied with all applicable laws, rules and regulations and have provided plaintiff and her minor child LB with all Due Process rights to which they are entitled, both under the Constitution and laws of the United States and the Constitution and laws of the State of Louisiana.

## TWENTY-SECOND DEFENSE

Defendants have not denied any Constitutional rights, either Federal or State, have not denied due process, have not denied any civil rights, and have not denied equal protection against the plaintiff nor her minor son LB.  Defendants have acted solely on the basis of  legitimate and rational pedagogic reasons.  Defendants' actions have been applied evenly and without exception.  Defendants, at all times herein, have been in full compliance with the applicable state law, the procedures and policies of the Jefferson Parish School Board, and the Rules and Regulations of the Louisiana State Department of Education, which were in effect at all times alleged herein, including but not limited to those dealing with the discipline of students and the protection of students, faculty, and the school itself.  Further, all of the defendants' actions in these premises with regard to the plaintiff and her son LB, and treatment of the plaintiff and her son LB at all times herein,  have been reasonable.  Further, these actions have not been arbitrary,

have been without malice, without intent to deprive anyone of any rights, without reckless

indifference, and have been supported by sufficient and substantial evidence.  At all times,

defendants have not only followed the applicable laws, regulations and procedures, but have

acted responsibly in meting out any discipline herein.

## **TWENTY-THIRD DEFENSE**

Defendants affirmatively plead that negligence alone, if any and which is denied, is

insufficient to state a Constitutional claim against them herein, and further affirmatively state that

supervisory public officials cannot be held liable under 42 USC Section 1983 on any theory of

vicarious liability or *respondeat superior*.  In fact, regardless of the above, all of the actions taken

by the defendants herein were reasonable and rational under the circumstances and do not

support a claim under a theory of vicarious liability or *respondeat superior*.

## **TWENTY-FOURTH DEFENSE**

Defendants affirmatively plead that as a corollary to the above, all of the actions taken by

the defendants were taken pursuant to valid and constitutional policies, which in no way provide

any basis for relief for plaintiff under *Monell v. Department of Social Services of New York*.

## **TWENTY-FIFTH DEFENSE**

At all times relevant hereto, defendants have and had policies in effect, which policies the

defendants followed, that proscribe for discipline of students, and which further prohibit

discrimination based on disability, either actual or perceived, race, color, national origin or any

other basis, as well as any type of harassment, retaliation, disparate or unequal treatment and

discrimination, either in the work environment, in connection with matters involving students and their conduct, in connection with matters relating to the safety of students and the entire school community, or in its discipline practices.

### TWENTY-SIXTH DEFENSE

Defendants plead the provisions, terms and conditions of the Cooperative Endeavor Agreement between Newell Normand in his Capacity as Sheriff of Jefferson Parish and the Jefferson Parish School Board for School Resource Officer, which agreement for the 2017 through 2018 school year was in effect at all times herein.

### TWENTY-SEVENTH DEFENSE

Defendants further submit that the claims of the plaintiff are frivolous, groundless, unreasonable and without merit under the applicable law, and as such, the defendants are entitled to and seek an award herein against the plaintiff for all attorney fees and costs expended in the defense of this matter pursuant to the applicable provisions of 42 USC Section 1983.

### TWENTY-EIGHTH DEFENSE

Defendants deny that plaintiff is entitled to any of the relief requested in the prayer for relief, including but not limited to attorney fees, penalties, and/or punative damages, and further deny that the plaintiff is entitled to any relief whatsoever.

### TWENTY-NINTH DEFENSE

Defendants deny any and all other claims that may have been raised either directly or by reference by the Original Complaint.

**THIRTIETH DEFENSE**.

Defendants affirmatively plead that this Court should decline to exercise supplemental jurisdiction over any and all state law claims brought herein should it see fit to dismiss plaintiff's other claims against these defendants.

**THIRTY-FIRST DEFENSE**

Defendants also are entitled to and request trial by jury on all of the issues contained herein.

**THIRTY-SECOND DEFENSE**

**AND NOW**, defendants respond to the allegations of the plaintiff's Complaint, paragraph by paragraph, as follows:

1.

The allegations contained in paragraph 1 of the Complaint require no answer; however, in an abundance of caution, those allegations are denied.

2.

The allegations contained in paragraph 2 of the Complaint are denied, except to admit that LB was a 10th grade student at Grace King, a public school under the auspices of the Jefferson Parish School Board.

3.

The allegations contained in paragraph 3 of the Complaint, as they pertain to the status of Guy Farber are admitted; all other allegations are denied.

4.

The allegations contained in paragraph 4 of the Complaint, as they pertain to the status of Sharon Meggs-Hamilton are admitted; all other allegations are denied.

5.

The allegations contained in paragraph 5 of the Complaint, as they pertain to the status of Valerie Johnson are admitted with the exception that her formal title was Dean of Students; all other allegations are denied.

6.

The allegations contained in paragraph 6 of the Complaint, as they pertain to the status of Brandon Williams are admitted with the exception that he was the Superintendent's representative; all other allegations are denied.

7.

The allegations contained in paragraph 7 of the Complaint, as they pertain to the status of the Jefferson Parish School Board are admitted; all other allegations are denied.

8.

The allegations contained in paragraph 8 of the Complaint require no answer of these defendants; however, out of an abundance of caution they are denied for lack of sufficient information upon which to justify a belief therein.

9.

The allegations contained in paragraph 9 of the Complaint require no answer of these

defendants; however, out of an abundance of caution they are denied for lack of sufficient information upon which to justify a belief therein.

10.

The allegations contained in paragraph 10 of the Complaint require no answer of these defendants; however, out of an abundance of caution they are denied for lack of sufficient information upon which to justify a belief therein.

11.

The allegations contained in paragraph 11 of the Complaint require no answer; however, out of an abundance of caution they are denied.

12.

The allegations contained in paragraph 12 of the Complaint require no answer; however, out of an abundance of caution, they are denied.

13.

The allegations contained in paragraph 13 of the Complaint are denied as the events and omissions are only alleged; the remainder is admitted.

14.

The allegations contained in paragraph 14 of the Complaint are denied.

15.

The allegations contained in paragraph 15 of the Complaint are denied.

11

16.

The allegations contained in paragraph 16 of the Complaint are denied.

17.

The allegations contained in paragraph 17 of the Complaint are denied.

18.

The allegations contained in paragraph 18 of the Complaint are denied for lack of sufficient information to justify a belief therein.

19.

The allegations contained in paragraph 19 of the Complaint are denied for lack of sufficient information to justify a belief therein.

20.

The allegations contained in paragraph 20 of the Complaint are denied for lack of sufficient information to justify a belief therein.

21.

The allegations contained in paragraph 21 of the Complaint are denied.

22.

The allegations contained in paragraph 22 of the Complaint are denied.

23.

The allegations contained in paragraph 23 of the Complaint are denied for lack of sufficient information to justify a belief therein. .

24.

The allegations contained in paragraph 24 of the Complaint are denied.

25.

The allegations contained in paragraph 25 of the Complaint are denied for lack of sufficient information to justify a belief therein.

26.

The allegations contained in paragraph 26 of the Complaint are denied for lack of sufficient information to justify a belief therein.

27.

The allegations contained in paragraph 27 of the Complaint are denied.

28.

The allegations contained in paragraph 28 of the Complaint are denied for lack of sufficient information to justify a belief therein.

29.

The allegations contained in paragraph 29 of the Complaint are denied for lack of sufficient information to justify a belief therein.

30.

The allegations contained in paragraph 30 of the Complaint are denied for lack of sufficient information to justify a belief therein.

31.

The allegations contained in paragraph 31 of the Complaint are denied for lack of sufficient information to justify a belief therein.

32.

The allegations contained in paragraph 32 of the Complaint are denied for lack of sufficient information to justify a belief therein.

33.

The allegations contained in paragraph 33 of the Complaint are denied.

34.

The allegations contained in paragraph 34 of the Complaint are denied.

35.

The allegations contained in paragraph 35 of the Complaint are denied.

36.

The allegations contained in paragraph 36 of the Complaint are denied.

37.

The allegations contained in paragraph 37 of the Complaint are denied.

38.

The allegations contained in paragraph 38 of the Complaint are denied for lack of sufficient information to justify a belief therein.

39.

The allegations contained in paragraph 39 of the Complaint are denied.

40.

The allegations contained in paragraph 40 of the Complaint are denied for lack of sufficient information to justify a belief therein.

41.

The allegations contained in paragraph 41 of the Complaint are denied.

42.

The allegations contained in paragraph 42 of the Complaint are denied.

43.

The allegations contained in paragraph 43 of the Complaint require no answer; however, out of an abundance of caution, the allegations are denied.

44.

The allegations contained in paragraph 44 of the Complaint are denied.

45.

The allegations contained in paragraph 45 of the Complaint are denied.

46.

The allegations contained in paragraph 46 of the Complaint are denied.

47.

The allegations contained in paragraph 47 of the Complaint are denied.

48.

The allegations contained in paragraph 48 of the Complaint are denied.

49.

The allegations contained in paragraph 49 of the Complaint are denied.

50.

The allegations contained in paragraph 50 of the Complaint are denied.

51.

The allegations contained in paragraph 51 of the Complaint require no answer; however, out an abundance of caution those allegations are denied.

52.

The allegations contained in paragraph 52 of the Complaint are denied.

53.

The allegations contained in paragraph 53 of the Complaint are denied.

54.

The allegations contained in paragraph 54 of the Complaint require no answer; however, out of an abundance of caution the allegations are denied.

55.

The allegations contained in paragraph 55 of the Complaint are denied.

56.

The allegations contained in paragraph 56 of the Complaint require no answer; however,

out of an abundance of caution those allegations are denied.

57.

The allegations contained in paragraph 57 of the Complaint are denied for lack of sufficient information to justify a belief therein.

58.

The allegations contained in paragraph 58 of the Complaint are denied for lack of sufficient information to justify a belief therein.

59.

The allegations contained in paragraph 59 of the Complaint require no answer of these defendants; however, out of an abundance of caution those allegations are denied.

60.

The allegations contained in paragraph 60 of the Complaint require no answer; however, out of an abundance of caution those allegations are denied.

61.

The allegations contained in paragraph 61 of the Complaint are denied.

62.

The allegations contained in paragraph 62 of the Complaint are denied.

63.

The allegations contained in paragraph 63 of the Complaint are denied.

64.

The allegations contained in paragraph 64 of the Complaint are denied for lack of sufficient information to justify a belief therein.

65.

The allegations contained in paragraph 65 of the Complaint require no answer of these defendants; however, out of an abundance of caution, those allegations are denied.

66.

The allegations contained in paragraph 66 of the Complaint are denied.

67.

The allegations contained in paragraph 67 of the Complaint are denied.

68.

The allegations contained in paragraph 68 of the Complaint require no answer; however, out of an abundance of caution those allegations are denied.

69.

The allegations contained in paragraph 69 of the Complaint are denied.

70.

The allegations contained in paragraph 70 of the Complaint are denied.

71.

The allegations contained in paragraph 71 of the Complaint are denied.

18

72.

The allegations contained in paragraph 72 of the Complaint are denied.

73.

The allegations contained in paragraph 73 of the Complaint require no answer of these defendants; however, out of an abundance of caution, those allegations are denied.

74.

The allegations contained in paragraph 74 of the Complaint are denied.

75.

The allegations contained in paragraph 75 of the Complaint are denied.

76.

The allegations contained in paragraph 76 of the Complaint require no answer; however, out of an abundance of caution, those allegations are denied.

77.

The allegations contained in paragraph 77 of the Complaint are denied.

78.

The allegations contained in paragraph 78 of the Complaint require no answer of these defendants; however, out of an abundance of caution, those allegations are denied.

79.

The allegations contained in paragraph 79 of the Complaint are denied.

80.

The allegations contained in paragraph 80 of the Complaint are denied.

81.

The allegations contained in paragraph 81 of the Complaint require no answer; however, out of an abundance of caution, those allegations are denied.

82.

The allegations contained in paragraph 82 of the Complaint require no answer; however, out of an abundance of caution, those allegations are denied.

83.

The allegations contained in paragraph 83 of the Complaint require no answer; however, out of an abundance of caution, those allegations are denied.

84.

The allegations contained in paragraph 84 of the Complaint require no answer; however, out of an abundance of caution, those allegations are denied.

85.

The allegations contained in paragraph 85 of the Complaint are admitted in that defendants likewise request a trial by jury on all issues herein.

86.

Defendants deny all of the allegations contained in the Prayer of the Complaint herein.

87.

Further answering, defendants aver that any and all actions taken by Guy Farber, Sharon Meggs-Hamilton, Valerie Johnson and Brandon Williams, or any other agents, employees, administrators and/or representatives of the Jefferson Parish School Board during and as the direct result of the incident complained of herein, including in the investigation thereof, were taken in good faith and without malice, entitling them to the qualified immunities set forth previously herein as affirmative defenses.

88.

Further answering, defendants aver that the sole and proximate cause of any injuries and/or damages allegedly sustained by the plaintiff herein were the actions and/or inactions of the plaintiff's son, referred to in these proceedings as LB, which actions and/or inactions are affirmatively pled in bar of/reduction of any recovery by plaintiff herein.

**WHEREFORE,** defendants, the Jefferson Parish School Board,  Guy Farber, Sharon Meggs-Hamilton, Valerie Johnson and Brandon Williams, pray that this Answer be deemed good and sufficient and that, after due proceedings are had, there be judgment herein in favor of defendants, the Jefferson Parish School Board, Guy Farber, Sharon Meggs-Hamilton, Valerie Johnson and Brandon Williams, and against the plaintiff, Crystal Stokes, individually and on behalf of her minor son, LB, dismissing the plaintiff's Complaint with prejudice, at the plaintiff's

costs, and should the Court see fit granting defendants the relief prayed for herein in the Twenty-

Seventh Defense.

Respectfully submitted,

**GRANT & BARROW**
A Professional Law Corporation


BY: *S/Olden C. Toups, Jr.*
    **OLDEN C. TOUPS, JR.** (#12881)
**MICHAEL G. FANNING** (#5440)
**BRAD J. GEGENHEIMER** (#27475)
Attorneys for Defendant
238 Huey P. Long Avenue
P. O. Box 484
Gretna, Louisiana 70054
Telephone:   (504) 368-7888
Telecopier:   (504) 368-7263
Email: otoups@grantbarrow.com
       mfanning@grantbarrow.com
       bradg@grantbarrow.com

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **CRYSTAL STOKES, INDIVIDUALLY** | * | **CIVIL ACTION** |
| **AND ON BEHALF OF HER MINOR** | * | |
| **SON, LB,** Plaintiff | * | **NO.  19-01642** |
| | * | |
| **VERSUS** | * | **JUDGE, SECTION A** |
| | * | **JAY C. ZAINEY** |
| **GUY FABER, SHARON MEGGS-** | * | |
| **HAMILTON, VALERIE JOHNSON,** | * | **MAGISTRATE 3** |
| **BRANDON WILLIAMS, THE** | * | **DANA M. DOUGLAS** |
| **JEFFERSON PARISH SCHOOL** | * | |
| **BOARD, BILLY MATRANGA, DAVID** | * | |
| **MALVEAUX, AND JOSEPH P.** | * | |
| **LOPINTO, IN HIS OFFICIAL** | * | |
| **CAPACITYAS JEFFERSON PARISH** | * | |
| **SHERIFF,** | * | |
| **Defendants** | * | |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing pleading is a true and correct copy of this

pleading that was electronically filed with the Clerk of Court through the CM/EMF system which

will send electronic copies to all counsel of record and was served upon the following:

John A. Venezia                         William B. Gordon
757 St. Charles Avenue                  400 Poydras Street
Suite 302                               Suite 1990
New Orleans, LA 70130                   New Orleans, LA 70130

Daniel R. Martiny/Jeffrey D. Martiny
Martiny & Associates, LLC
131 Airline Highway - Suite 201
Metairie, LA 70001

counsel of record for the plaintiff by telecopier, emailing, hand delivery and/or by depositing same in the United States mail, postage prepaid, in accordance with the Federal Rules of Civil Procedure on this 29th day of April, 2019.

_S/Olden C. Toups, Jr._____
**OLDEN C. TOUPS, JR.**